# EXHIBIT A



**Service of Process Transmittal**
03/01/2012
CT Log Number 520068773

**TO:** Rosemarie Pierce
Comcast Corporation
1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
Philadelphia, PA 19103

**RE:** **Process Served in District of Columbia**

**FOR:** Comcast Cable Communications Management, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bubble Gum Productions, LLC, Pltf. vs. Does 1-37, Dfts. // To: Comcast Cable Communications Management, LLC |
| **DOCUMENT(S) SERVED:** | Letter, Order, Appendix, Subpoena, Attachment, Rule |
| **COURT/AGENCY:** | United States District Court for the District of Columbia, DC<br>Case # 112CV00595 |
| **NATURE OF ACTION:** | Subpoena - Business records - Pertaining to IP Addresses 24.1.187.205, 24.12.148.93 and 24.15.171.187 (Please see attachment for additional IP addresses) |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/01/2012 at 14:26 |
| **JURISDICTION SERVED:** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | 04/10/2012 at 10:00 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Paul Duffy<br>Prenda Law, Inc.<br>161 N. Clark St.<br>Suite 3200<br>Chicago, IL 60601<br>312-880-9160 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/01/2012, Expected Purge Date: 03/06/2012<br>Image SOP |
| **SIGNED:** | C T Corporation System |
| **PER:** | Mark Diffenbaugh |
| **ADDRESS:** | 1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC 20005 |
| **TELEPHONE:** | 202-572-3133 |

Page 1 of 1 / MD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**Prenda Law** Inc.
Protecting Intellectual Property

March 1, 2012

**Via Hand Delivery**

    *Re:*   **Bubble Gum Productions, LLC v. Does 1-37**
           *1:12-cv-00595*

Dear Custodian of Records:

    Enclosed, please find a subpoena and attachment issued in the above-referenced matter, which is currently pending in the United States District Court for the Northern District of Illinois, Eastern Division. Specifically, our client is requesting identifying information with respect to subscriber(s) who were associated with IP addresses controlled by your organization at a given date and time. In our subpoena, we have included the IP address, Time, and Time Zone in our search requests.

    We regularly receive requests from Internet Service Providers for electronic copies of the enclosed documents, which we are pleased to fulfill. To receive these documents please e-mail your request to our office at the following e-mail address:

    subpoena@wefightpiracy.com

    If you have any other questions or concerns regarding this request please direct them to the above e-mail address or feel free to call our offices directly at 312-344-3207. We will do everything in our power to minimize the burden imposed on your organization associated with our request.

Sincerely,

*Prenda Law Inc. Subpoena Team*

Fax: 312.893.5677    161 N Clark St., Suite 3200, Chicago, IL 60601    Tel: 312.880.9160
Fax: 305.748.2103    1111 Lincoln Rd., Suite 400, Miami Beach, FL 33139    Tel: 305.748.2102

www.wefightpiracy.com

Case 1:12-mc-00356-ESH Document 4-1 Filed 07/12/12 Page 4 of 11

Case: 1:12-cv-00595 Document #: 15 Filed: 02/23/12 Page 1 of 7 PageID #:84
Case: 1:12-cv-00595 Document #: 5-3 Filed: 01/31/12 Page 1 of 5 PageID #:42

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BUBBLE GUM PRODUCTIONS, LLC, | CASE NO. 1:12-cv-00595 |
| Plaintiff, | |
| v. | Judge: Honorable Joan H. Lefkow |
| DOES 1 – 37, | Magistrate: Honorable Susan E. Cox |
| Defendants. | **ORDER** |

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE

The Court has reviewed the Complaint with attached Exhibits, Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference and all the papers filed in connection with the motion, and relevant case law. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference is **GRANTED**; it is further

**ORDERED** that Plaintiff may immediately serve Rule 45 subpoenas, which are limited to the following categories of entities and information:

From Internet Service Providers (ISPs) identified in the Exhibit A attached to the Complaint and any other entity identified as a provider of Internet services to one of the Doe Defendants in response to a subpoena or as a result of ongoing BitTorrent activity monitoring: information sufficient to identify each Defendant, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address; it is further

1

Case 1:12-mc-00356-ESH   Document 4-1   Filed 07/12/12   Page 5 of 11
Case: 1:12-cv-00595 Document #: 15 Filed: 02/23/12 Page 2 of 7 PageID #:85
Case: 1:12-cv-00595 Document #: 5-3 Filed: 01/31/12 Page 2 of 5 PageID #:43

**ORDERED** that the ISPs listed in Exhibit A to the Plaintiff's Complaint must be served with a subpoena within fourteen (14) days of this Order. A subpoena served on an ISP listed in Exhibit A to the Complaint after fourteen (14) days of this Order is not authorized; and it is further

**ORDERED** that the ISP shall provide any affected subscribers with the court-directed notice, which is attached as Appendix A to this Order; and it is further

**ORDERED** that is the ISP and/or any putative Defendant wishes to modify or quash a subpoena, such party must do so before the return date of the subpoena, which shall be thirty (30) days from the date of service; and it is further

**ORDERED** that the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash; it is further

**ORDERED** that, should the Plaintiff extend for any reason the return date of the subpoenas issued to the ISPs beyond the return date of thirty (30) days, the Plaintiff shall provide the Court with a status report which shall detail for each ISP (1) the reason for the extension of the return date; (2) the date on which a subpoena was issued to the ISP; (3) the number of IP addresses for which identifying information has been requested from and produced by the ISP; (4) the agreement, if any, that Plaintiff's counsel has in place regarding the timetable for production of identifying information; and (5) the specific date when the Plaintiff expects to complete receipt of the identifying information from the ISP; and it is further

**ORDERED** that any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity; it is further

Case 1:12-mc-00356-ESH   Document 4-1   Filed 07/12/12   Page 6 of 11
Case: 1:12-cv-00595 Document #: 15 Filed: 02/23/12 Page 3 of 7 PageID #:86
Case: 1:12-cv-00595 Document #: 5-3 Filed: 01/31/12 Page 3 of 5 PageID #:44

**ORDERED** that subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual or for the ISP's internal cost to notify its customers. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff; it is further

**ORDERED** any information disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint; it is further

**ORDERED** that Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order.

DATED: FEB 23 2012

_____
United States District Judge

3

Case 1:12-mc-00356-ESH  Document 4-1  Filed 07/12/12  Page 7 of 11

Case: 1:12-cv-00595 Document #: 15 Filed: 02/23/12 Page 4 of 7 PageID #:87
Case: 1:12-cv-00595 Document #: 5-3 Filed: 01/31/12 Page 4 of 5 PageID #:45

## APPENDIX A

### READ AT ONCE

### COURT-DIRECTED NOTICE
### REGARDING ISSUANCE OF SUBPOENA
### SEEKING DISCLOSURE OF YOUR IDENTITY

A legal document called a subpoena has been sent to your Internet Service Provider requiring the disclosure of the following information about you: name, current (and permanent) addresses, telephone number, and your email address and Media Access Control number. The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the Northern District of Illinois.

The Plaintiff in this lawsuit alleges that various people have infringed its copyright by illegally downloading and/or distributing its movie: "ExpTeens – November 25, 2011." The Plaintiff does not know the actual names or addresses of these people, but only the Internet Protocol address ("IP address") of the computer associated with the allegedly illegal activity. The Plaintiff has issued subpoenas to various Internet Service Providers to determine the identity of the subscribers of these IP addresses.

If you are receiving this notice, that means the Plaintiff has asked your Internet Service Provider to disclose to the Plaintiff your name, current (and permanent) addresses, and your email address and Media Access Control number. Enclosed is a copy of the subpoena seeking this information and the exhibit page containing the IP address that has been associated with your computer and showing the date and time that this IP address was allegedly used to download or upload the particular movie.

This is a civil lawsuit, not a criminal case. You have not been charged with any crime. If the Plaintiff receives your identification information from your Internet Service Provider, you may be added as a named defendant to its lawsuit.

### INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED,
### BUT IT WILL BE DISCLOSED IF YOU DO NOT
### CHALLENGE THE SUBPOENA BY THE DEADLINE IN THE ORDER.

Your identifying information has not yet been disclosed to the Plaintiff.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice. If you would like legal advice, you should consult an attorney. In the next page, you will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit.

4

Case 1:12-mc-00356-ESH   Document 4-1   Filed 07/12/12   Page 8 of 11

Case: 1:12-cv-00595 Document #: 15 Filed: 02/23/12 Page 5 of 7 PageID #:88
Case: 1:12-cv-00595 Document #: 5-3 Filed: 01/31/12 Page 5 of 5 PageID #:46

You have until the deadline specified in the Order to file a motion to quash or vacate the subpoena. You must also notify your ISP.

If you file a motion to quash the subpoena, your identity will not be disclosed by your ISP until the court makes a decision on your motion. If you do nothing, then after the deadline specified in the Order your ISP must send the Plaintiff your name, address, email address, telephone number, and your modem's Media Access Control number.

You may wish to obtain an attorney to advise you on these issues or to help you take action.

To help you find a lawyer, the American Bar Association's "Consumers' Guide to Legal Help" can be found on the Internet at
http://apps.americanbar.org/legalservices/findlegalhelp/home.cfm

The Illinois State Bar Association has a lawyer referral service that can be reached at (888) 663-2068 or online at http://www.illinoislawyerfinder.com/.

To maintain a lawsuit against you in the District Court for the Northern District of Illinois, the court must have personal jurisdiction over you. You may be able to challenge the United States District Court for the Northern District of Illinois' personal jurisdiction over you. Please note that even if your challenge is successful, the Plaintiff may still file a lawsuit against you in the state in which a court has personal jurisdiction over you.

If you are interested in discussing this matter with the Plaintiff's attorneys, you may contact them by telephone at (305) 748-2102, by fax at (305) 748-2103 or by email at info@wefightpiracy.com. Please understand that these lawyers represent the company that has requested your identifying information in connection with the lawsuit. They can speak with you about settling the lawsuit, if you wish to consider that. You should be aware that if you contact them they may learn your identity, and that anything you say to them can later be used against you in court.

You should not call the Court.

Again, you may wish to retain an attorney to discuss these issues and your options.

5

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| BUBBLE GUM PRODUCTIONS, LLC *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No. 1:12-cv-00595 |
| DOES 1-37 | ) ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Illinois ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records: Comcast Cable Communications Management, LLC c/o C T Corporation System UNK; 1015 15th St. NW Ste. 1000, Washington, DC 20005

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: Prenda Law<br>2100 M St. Northwest, Ste 170-417<br>Washington DC 20037-1233 | Date and Time:<br>04/10/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 03/01/2012

CLERK OF COURT

OR

_____  *Signature of Clerk or Deputy Clerk*    *[signature] Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Bubble Gum Productions, LLC                            , who issues or requests this subpoena, are:
Paul Duffy, Prenda Law, Inc.; 161 N. Clark St. Suite 3200, Chicago IL 60601; paduffy@wefightpiracy.com; (312) 880-9160

SUBPOENA ATTACHMENT

The times listed below are in Coordinated Universal Time (UTC)

| IP Address | Date/Time (UTC) |
|---|---|
| 24.1.187.205 | 2011-12-16 15:21:08 |
| 24.12.148.93 | 2011-12-14 03:16:18 |
| 24.15.171.187 | 2011-12-21 08:31:16 |
| 50.129.92.8 | 2011-12-31 05:40:09 |
| 67.167.254.149 | 2012-01-12 23:30:33 |
| 67.167.49.158 | 2011-12-15 13:08:25 |
| 67.173.23.30 | 2011-12-20 00:09:27 |
| 67.175.230.174 | 2011-12-22 03:38:42 |
| 67.175.3.98 | 2011-12-14 01:03:48 |
| 67.184.185.53 | 2011-12-23 21:45:33 |
| 67.184.227.4 | 2012-01-24 05:10:59 |
| 68.54.219.226 | 2011-12-20 01:27:46 |
| 69.245.251.21 | 2011-12-14 01:17:58 |
| 71.194.64.159 | 2011-12-23 02:12:39 |
| 71.228.62.14 | 2012-01-07 10:39:50 |
| 71.57.12.119 | 2012-01-12 21:23:54 |
| 76.16.174.105 | 2011-12-16 15:01:17 |
| 98.206.247.23 | 2011-12-29 19:40:37 |
| 98.213.195.222 | 2011-12-22 03:10:32 |
| 98.213.209.46 | 2011-12-14 00:04:00 |
| 98.214.229.177 | 2011-12-27 19:58:38 |
| 98.228.72.146 | 2012-01-17 05:52:25 |

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).