UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BUBBLE GUM PRODUCTIONS, LLC, | ) | |
| | ) | CASE NO.   1:12-mc-00356-ESH |
| Petitioner, | ) | |
| | ) | Judge: Honorable Ellen S. Huvelle |
| v. | ) | |
| | ) | |
| COMCAST CABLE, | ) | [Case pending in the U.S. District Court |
| COMMUNCIATIONS, LLC, | ) | for the Northern District of Illinois |
| | ) | No. 1:12-cv-00595] |
| Respondent. | ) | |
| _____ | ) | |

**REPLY TO COMCAST CABLE COMMUNICATIONS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Petitioner Bubble Gum Productions, LLC, respectfully submits this reply to Comcast Cable Communications LLCs' opposition to Plaintiff's Motion to Compel. As their original objection letter and subsequent opposition memorandum make abundantly clear, Comcast has no lawful basis under the Federal Rules of Civil Procedure for avoiding compliance with Plaintiff's subpoena. Plaintiff addresses the arguments raised in Comcast's opposition memorandum herein.

## BACKGROUND

On January 26, 2012, Petitioner brought a copyright infringement action against 37 unnamed John Does in the U.S. District Court for the Northern District of Illinois, alleging that the Defendants conspired with each other and other unnamed joint tortfeasors to illegally copy and distribute Petitioner's copyrighted work over the Internet. Compl., *Bubble Gum Productions, LLC v. Does 1-37*, No. 1:12-cv-00595 (N.D. Ill. 2012), ECF No. 1. Along with its Complaint, Petitioner submitted an Exhibit containing Internet Service Providers ("ISPs") and Internet Protocol ("IP") addresses associated with the infringing activities of the John Does. Compl., Ex. A, *Bubble Gum Productions*, No. 1:12-cv-00595 (N.D. Ill. 2012), ECF No. 1-1. On January 31,

2012, Petitioner moved for expedited discovery to obtain certain identifying information for the John Doe Defendants. Pl.'s Mot. for Leave to Take Disc. Prior to the Rule 26(f) Conference, *Bubble Gum Productions*, No. 1:12-cv-00595 (N.D. Ill. Jan. 31, 2012), ECF No. 5.

On February 23, 2012, the court granted Petitioner leave to issue subpoenas *duces tecum* to various ISPs for production of identifying information with respect to the IP addresses of the John Doe Defendants. (Order Granting Pl.'s Mot. for Leave to Take Disc. Prior to the Rule 26(f) Conference, *Bubble Gum Productions*, No. 1:12-cv-00595 (N.D. Ill. Feb. 23, 2012), ECF No. 15.) In accordance with this Order, Petitioner issued subpoenas to various ISPs, including Comcast, on March 1, 2012. (Ex. A.) On March 15, 2012, Comcast objected to Petitioner's subpoena, indicated that it intended to produce no documents responsive to the Subpoena, and that its objections were its only intended response. (*See* Comcast Objection Letter, a true and correct copy of which is attached hereto as Exhibit B.)

Plaintiff submitted this miscellaneous action to the Court on June 19, 2012. The action was filed by the Clerk of Court on June 28, 2012. Plaintiff's first notification of the filing was made by the Court's Electronic Case Filing system on July 6, 2012. Upon receiving this notification, Plaintiff served Comcast's registered agent for service of process with this motion.

## DISCUSSION

### A. Legal Standard

A person objecting to a subpoena has a heavy burden to show that the subpoena should not be enforced. *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984). The phrase, "undue burden" is not an incantation that excuses an objector from compliance. *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (holding that in order to quash or modify a subpoena due to undue burden, the moving party "must meet the

heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive."); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("The moving party has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive.").

Claiming undue burden is a circumstance that must be substantiated. *aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F.Supp.2d 770, 771 (N.D. Ill. 2005) (denying a motion to quash a subpoena because, *inter alia*, the parties claiming that the subpoena caused them an undue burden did "not propose[ ] any modification to the specific topics they contend are unduly burdensome.") In this instance, the Court will not be able to find any argument or evidence why the subpoena imposes an undue burden on Comcast's subscribers.

### B.    Comcast's Undue Burden Arguments Focus *Exclusively* to the Burden Faced by its Party *Subscribers* and are Erroneous

Comcast's opening argument is that Plaintiff's subpoenas impose an undue burden on its subscribers. Yet, Comcast's burden is to show why it is burdened by Plaintiff's subpoena. It is not enough for Comcast to suggest that a subpoena imposes an undue burden on someone else—that is an argument for the other individual to make. *Northrop Corp.*, 751 F.2d at 404 ("The burden of proving that a subpoena *duces tecum* is oppressive is on the party moving for relief on this ground.").

Instead of discussing the burden it faces, Comcast relies heavily on a recent decision by the Honorable Judge Wilkins. (ECF No. 4 at 3, 5-7, 10, 13) (citing *Millennium TGA, Inc. v. Comcast Cable Communications, LLC*, 2012 WL 2371426 (D.D.C. June 25, 2012)). In *Millennium*, in response to identical objections raised by Comcast, Magistrate Judge Alan Kay granted the plaintiff's motion to compel after finding that Comcast's "defenses (lack of jurisdiction, improper joinder) are not at issue at this stage of the proceedings nor is it

3

appropriate for Comcast, a nonparty, to raise such these defenses on behalf of its subscribers." *Millennium TGA, Inc.*, No. 12-mc-00150 (D.D.C. Apr. 18, 2012), ECF No. 15 at 4-5. Comcast objected to the decision. The Honorable Judge Wilkins overturned Magistrate Judge Kay's order and denied the plaintiff's motion to compel for two untenable reasons: 1) Rule 45 offers territorial protections to third parties not subject to a subpoena; and 2) Plaintiff's subpoena subjects those third parties to an undue burden. *Millennium TGA, Inc., LLC*, 2012 WL 2371426. It bears mentioning that neither of these reasons were raised or briefed by the parties in *Millennium*, were discussed by Magistrate Judge Kay, or have been raised by Comcast in this case in its objection to Plaintiff's subpoena. Plaintiff's responds to these arguments below; the authority offered by Plaintiff herein was not considered by Judge Wilkins.

1. **The Territorial Protections Embedded in Rule 45 do not Extend to Comcast's Subscribers**

This Circuit has observed that "the rules governing subpoenas and nonparty discovery have a clearly territorial focus." *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998). However, this "territorial focus" is for the benefit of nonparties from whom discovery is sought. *Id.* ("The rules governing subpoenas and nonparty discovery have a clearly territorial focus. Applications for orders *compelling disclosure from nonparties* must be made to the court in the district where the discovery is to be taken….") (emphasis added). Non-party undue burden concerns are properly focused on the party from whom discovery is sought. *See, e.g.*, *Watts v. S.E.C.* 482, F.3d 501, 509 (D.C. Cir. 2007) (discussing the concerns associated with subjecting subpoenaed non-party government agencies to undue burden).

To hold that Rule 45 provides equivalent territorial protection to both subpoenaed respondents and third parties who might raise privacy objections with respect to a subpoena would render Rule 45 inoperable. Imagine that a plaintiff seeking the identity of a rental car

4

driver had to identify common geography between the rental car provider and an out-of-state driver in order to issue a subpoena seeking the customer's identity. Such a location would often not even exist. In the online infringement context, broad swaths of the U.S. population would be immune from being identified in infringement actions. College students who transferred schools, were home for the summer, or recently graduated would be immune from identification so long as they resided in a different federal judicial district than their alma mater. Individuals who committed infringement from a hotel or on a mobile device while travelling would similarly be immunized from identification. Individuals residing in states with multiple judicial districts, such as Illinois, would also enjoy broad protection from identification.[1] Rule 45 cannot support an interpretation that renders Plaintiff unable to identify those who violated its copyrights. *See Marbury v. Madison*, 5 U.S. 137, 163 (1803) ("The government of the United States has been emphatically termed a government of laws, and not of men. It will certainly cease to deserve this high appellation, if the laws furnish no remedy for the violation of a vested legal right.").

### 2. Plaintiff's Subpoena Does Not Impose any Territorial Burden on Comcast's Subscribers

Comcast suggests that its subscribers will be subject to territorial inconvenience by Plaintiff's subpoenas. (ECF No. 4 at 3-7.) This, of course, is not true. Although a motion to quash may only be heard in the district from which a subpoena was issued, parties can always challenge the disclosure of their identifying information in the court where the underlying action

---

[1] Rule 45 requires that subpoenas be issued from the place of production and that service be made within the district, within 100 miles of the district, according to state law or according to federal law. Take an action is pending in the Southern District of Texas, Houston Division. Even if a plaintiff knew the city of residence of a Texas-based subscriber, there is a strong chance that the plaintiff would be unable to identify him. For example, if a subscriber is located in the Southern District of Texas, but his ISP is based in the Eastern or Northern Districts of Texas, then there would simply be no federal district from which Plaintiff could issue a valid subpoena. *See* Fed. R. Civ. P. 45(b)(2)(B); *see also* Tex. R. Civ. P. 176.3 (limiting the territorial range of subpoenas to 150 miles).

is pending. *See, e.g.,* Fed. R. Civ. P. 26(c). There is simply no reason why someone would need to travel from Illinois to the District of Columbia to challenge the disclosure of their identifying information.[2]

To the extent that Comcast suggests that it should avoid compliance with Plaintiff's subpoenas because its subscribers might be confused about how to defend against Plaintiff's copyright infringement claims, Plaintiff would make two observations. First, Comcast can reduce this confusion via a notice to its subscribers with information on how to properly challenge the disclosure of their identifying information. Second, as one court in the U.S. District Court for the Northern District of Illinois recently did in response to near-identical arguments by Comcast's counsel, this Court could grant Plaintiff's motion to compel and then transfer the subpoena to the district where the underlying action is pending for hearings on subscriber-filed motions to quash. *See Bubble Gum Productions, LLC v. Does 1-60*, No. 12-3046 (N.D. Ill. July 13, 2012), ECF No. 22, attached hereto as Exhibit C.

### C. Comcast's Joinder Argument Bears no Relationship to the Rule 45 Legal Standard Governing Motion to Compel and is Erroneous

Comcast objects on the basis that there is no valid court order regarding "whether [the unnamed subscribers] may be properly joined." (Ex. B at 2.) According to the objection letter, Comcast apparently believes that the jurisprudence of the overwhelming majority of federal courts nationwide is—in its personal view—"unpersuasive." (*Id.* at 3.) ("[Y]our argument that the alleged conspirators acted in concert is unpersuasive.") Comcast's joinder objection is erroneous and premature.

---

[2] If anything, the issuance of Plaintiff's subpoena from this District *lessens* the burden on the alleged infringers because it provides a second (perhaps more convenient) forum in which to file motions challenging the disclosure of their identifying information.

Comcast's joinder argument is erroneous because it suffers from at least two fatal procedural defects. First, joinder objections do not fall within Rule 45's list of permissible grounds for quashing or modifying a subpoena. *See* Fed. R. Civ. P. 45. The objection should be denied on this basis alone. Second, Comcast has no colorable basis for claiming standing to challenge permissive joinder in an action to which it is not a party.

The weight of authority suggests that Petitioner would be able to satisfy the requirements for the permissive joinder of the John Doe Defendants under Rule 20, and that a finding of misjoinder would be premature prior to the point at which the putative defendants have been identified, named, and served with process. In this District and nationwide, courts have determined that allegations concerning putative defendants' use of the BitTorrent file-sharing protocol may suffice to establish a logical relationship between claims against putative defendants in BitTorrent-based copyright infringement litigation. *See, e.g.*, Order, *Imperial Enters. Inc. v. Does 1–3,145*, No. 11-529 (RBW) (D.D.C. Aug. 30, 2011), ECF No. 43 at *3–5, 8 (Walton, J.); *W. Coast Prod., Inc. v. Does 1–5,829*, No. 11-57 (CKK), 2011 WL 2292239, at *5 (D.D.C. June 10, 2011) (Kollar-Kotelly, J.); *Donkeyball Movie, LLC v. Does 1–171*, No. 10-1520 (BAH), ____ F. Supp. 2d ____, 2011 WL 1807452, at *4–9 (D.D.C. May 12, 2011) (Howell, J.); *Voltage Pictures, LLC v. Does 1–5.000*, No. 10-0873 (BAH), ____ F. Supp. 2d. ____, 2011 WL 1807438, at *4–9 (D.D.C. May 12, 2011) (Howell, J.); *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332 (D.D.C. 2011); *see also, e.g.* Order, *AF Holdings v. Does 1-162*, No. 11-23036 (S.D. Fla. Feb. 14, 2012), ECF No. 27 at 6 ("If and when the Doe Defendants are identified and served with the Complaint, the issue of misjoinder may again be raised, to the extent necessary, based upon the actual parties involved at that point in time. Only then will the Court have at hand all that it needs to know to make a legally correct ruling.");

*Patrick Collins, Inc. v. John Does 1–15*, No. 11-cv-02164, 2012 WL 415436, at *2–4 (D. Colo. Feb. 8, 2012) (Arguello, J.) (sustaining joinder and citing *Call of the Wild*); *Patrick Collins, Inc. v. Does 1–22*, No. 11-cv-01772-AW, 2011 WL 5439005, at *2–4 (D. Md. Nov. 8, 2011) (sustaining joinder and citing *Call of the Wild*); *Patrick Collins, Inc. v. Does 1–2,590*, No. C 11-2766 MEJ, 2011 WL 4407172, at *4–7 (N.D. Cal. Sept. 22, 2011) (James, J.) (sustaining joinder and citing *Call of the Wild*); *First Time Videos, LLC v. Does 1–76*, No 11 C 3831, 2011 WL 3586245, at *4 (N.D. Ill. Aug. 16, 2011) (Bucklo, J.) (collecting cases and concluding that "[t]he overwhelming majority of courts" have denied motions to sever "prior to discovery"); *First Time Videos, LLC v. Does 1–500*, 276 FRD 241, 2011 WL 3498227, at *9–11 (N.D. Ill. Aug. 9, 2011) (Castillo, J.).

Further, Petitioner is able to identify common questions of law and fact. For instance, Petitioner would have to establish against each putative defendant the same legal claims concerning the validity of the copyright in the movie at issue and the infringement of the exclusive rights reserved to Petitioner as the copyright holder. Finally, joinder of the putative defendants would not prejudice any party or cause needless delay. To the contrary, "joinder in a single case of the putative defendants who allegedly infringed the same copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative defendants." *Call of the Wild*, 770 F. Supp. 2d at 345; *see also First Time Videos, LLC v. Does 1–500*, 276 FRD 241, 2011 WL 3498227, at *9–11 (N.D. Ill. Aug. 9, 2011) ("[J]oined defendants enjoy the benefit of seeing what defenses, if any, other defendants may assert to avoid liability.").

Comcast's suppositions regarding what a court might hypothetically be "likely" to do if joinder does become an issue are contrary to the overwhelming weight of authority regarding

8

joinder in BitTorrent-based copyright infringement litigation. Although Comcast may view this authority as "unpersuasive," Comcast has not offered a persuasive reason to sustain its objection.

> D. **Comcast's Arguments Regarding Unfair Litigation Tactics are Not Relevant to the Legal Standard Governing Motions to Compel and Factually Unsupported**

Comcast describes Plaintiff as engaging in unfair litigation tactics, going so far as to accuse Plaintiff of extortion. (ECF No. 4 at 4) (accusing Plaintiff of "shak[ing] down the Doe defendants.") There is no good way or even good reason to respond to unsubstantiated character attacks leveled by a self-interested adversary. Character attacks should be seen for what they are—a manipulative device that is used when a speaker lacks a substantive basis for the relief it seeks. Yet, to simply ignore these character attacks in light of the intense vitriol that was directed against Plaintiff and Plaintiff's counsel by Comcast would be to ignore the elephant in the room. For this reason, Plaintiff responds to Comcast's undignified statements.

First, Comcast accuses producers of pornographic movies using "John Doe" suits *en masse* to identify copyright infringers. (ECF No. 4 at 12.) This accusation suggests its own rebuttal. Without a large and growing problem of copyright infringement, there could not be an increasing level of copyright infringement litigation. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928–29 (2005) (citing the concern that "digital distribution of copyrighted material threatens copyright holders as never before.") There is nothing wrong with copyright infringement litigation—except, of course, from the perspective of the infringer.

Second, Comcast accuses Plaintiff of using "well-documented 'intimidating tactics.'" (ECF No. 4 at 13.) For being so "well-documented", as Comcast describes, Comcast's failure to provide any documentation of Plaintiff's so-called "intimidating tactics" is puzzling. (*See generally* ECF No. 4.) All Comcast does provide are citations to other case involving other plaintiffs. (*Id.* at 13-15.) As an indication of how unusual the "intimidating tactics" argument

9

becomes, Comcast references Judge Wilkins' taking of judicial notice of pleadings filed by another client of Plaintiff's counsel in the Northern District of California. (Id. at 13) (citing *Millennium TGA*, 2012 WL 2371426, at *7). If correspondence constitutes engaging in intimidating tactics, then what attorney would be insulated from such accusations?

Third, Comcast accuses Plaintiff of using a "Doe defendant's concern with being publicly charged with downloading pornographic films to wrest settlement from identified subscribers." (ECF No. 4 at 14.) Once again, Comcast presents no actual knowledge or evidence to support this outrageous statement. (*See generally id.*) Further, Plaintiff does not know what its alternative is. It is obviously true that no one wants to be named as a defendant in a lawsuit involving stealing pornographic films, or mainstream films for that matter. All litigation is inherently coercive. But simply because litigation is unpleasant (as it is for every litigant, including Plaintiff) does not mean that a Court should preclude Plaintiff from learning the identities of those who infringed on its copyright. Plaintiff would have preferred for the infringing Does to have purchased its content lawfully.

Finally, Comcast argues that Plaintiff's joinder of multiple defendants in a single suit denies the federal courts additional revenue. (ECF No. 4 at 15.) The judicial branch, of course, is not tasked with raising revenue. *See* U.S. Const. art. III. "It is emphatically the province and duty of the judicial department to say what the law is." *Marbury*, 5 U.S. at 177. Further, if Comcast has concerns about federal court revenue, the lower hanging fruit is class actions, by which millions in filing fees are sacrificed every year in the name of judicial efficiency.

### E.     Comcast's Remaining Objections are Entirely Unsubstantiated

Comcast objects on the basis that the court order from the underlying action does not provide assurance of "reasonable reimbursement" for Comcast's compliance. (Ex. B at 2-3.) Once again, this objection does not fall on Rule 45's list of permissible grounds for quashing or

10

modifying a subpoena. *See* Fed. R. Civ. P. 45. Further, Comcast admits that Petitioner has "in the past offered to reimburse Comcast for its reasonable expenses." (Ex. B at 2.) In the past, Petitioner has enjoyed a good working relationship with Comcast. For the past two years, Comcast has reliably processed Petitioner's subpoenas. In turn, Petitioner has granted Comcast reasonable extensions of time for compliance and has promptly paid Comcast for its costs of production.

### F. Comcast's Scheduling Objection Is Factually Baseless

Comcast objects on the basis that the court order from the underlying action does not provide "a reasonable time to fulfill any large order." (Ex. B at 3.) ("Without a valid court order . . . providing for … reasonable time to fulfill any large order, . . . .") The burden is on Comcast to establish why it is unable to meet the Court's timeline for complying with the subpoena, but Comcast fails to state any facts that explain why the Court's timeline is unworkable. (*See generally* Ex. B.) Further, to the extent that Comcast believes that the Court's timeline imposes an undue burden, it is Comcast's responsibility to propose modifications that would relieve the burden. *See aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F.Supp.2d 770, 771 (N.D. Ill. 2005) (denying a motion to quash a subpoena because, *inter alia*, the parties claiming that the subpoena caused them an undue burden did "not propose[ ] any modification to the specific topics they contend are unduly burdensome.") It is improper for Comcast to leave the Court and Petitioner guessing when, if ever, Comcast will be able to fulfill its obligations under the subpoena.

G.  **Comcast Has Been Actively Complying With Subscriber Identification Subpoenas in Cases Involving the Same Concerns That Comcast Purports to Be Concerned With in This Action**

The most profoundly disturbing aspect of Comcast's objections is that it has been actively complying with subscriber identification subpoenas in cases involving the exact same concerns as those raised in its objections. *See, e.g., Nu Imagine, Inc. v. Does 1-3,932*, 2:11-cv-00545-JES-SPC (M.D. Fla. May 7, 2012), ECF No. 215 (Motion to Quash Subpoena direct to Comcast Communications as to Doe 1263 IP 76.25.69.92). Comcast has represented to the Court that the so-called procedural infirmities in Plaintiff's action imposes an undue burden that prevents it from complying with Plaintiff's subpoena. Yet, during the pendency of its objections Comcast was actively complying with subscriber identification subpoenas in a case involving 3,932 Doe defendants (as opposed to the 37 in Plaintiff's action) with Doe defendants located across the United States (as opposed to all within the same state in Plaintiff's action). Comcast's objections do not appear to have been made in good faith.

## CONCLUSION

Petitioner respectfully requests the Court to compel Comcast's immediate compliance with the Subpoena.

Respectfully submitted,

Bubble Gum Productions, LLC

**DATED**: July 16, 2012

By: /s/ Paul A. Duffy
Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile:   (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Petitioner*

12

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on July 16, 2012, he caused one copy each of the Motion to Compel Compliance with Subpoena, Memorandum of Law in Support of Motion to Compel Compliance with Subpoena and the Local Civ. R. 7(m) Certification to be served by first-class U.S. mail, postage prepaid, on the following:

John D. Seiver
Davis Wright Tremaine LLP
Suite 800
1919 Pennsylvania Avenue NW
Washington, DC 20006-3401

By: /s/ Paul A. Duffy
     Paul A. Duffy, Esq.