UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BUBBLE GUM PRODUCTIONS, LLC, | ) | |
| | ) | CASE NO.   1:12-mc-00356-ESH |
| Petitioner, | ) | |
| | ) | Judge: Honorable Ellen S. Huvelle |
| v. | ) | |
| | ) | |
| COMCAST CABLE, | ) | [Case pending in the U.S. District Court |
| COMMUNCIATIONS, LLC, | ) | for the Northern District of Illinois |
| | ) | No. 1:12-cv-00595] |
| Respondent. | ) | |

**PETITIONER RENEWED MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Petitioner Bubble Gum Productions, LLC pursuant to Federal Rule of Civil Procedure 45(c)(2)(B)(i), hereby moves this Court to enter an order compelling nonparty subpoena recipient Respondent Comcast Cable Communications LLC ("Comcast") to produce documents called for in a subpoena *duces tecum* issued by Petitioner to Respondent, with respect to the above-referenced matter currently pending in the U.S. District Court for the Northern District of Illinois.[1] Petitioner served its subpoena on Respondent from the U.S. District Court for the District of Columbia. Respondent objected to the Petitioner's subpoena and indicated that it would not provide Petitioner with the information sought. Respondent, however, provides no proper basis under the Rules upon which to excuse its compliance with Petitioner's subpoena. As discussed in the attached memorandum of law, which is incorporated herein by reference, Respondent's objections lack legal merit and factual support. Petitioner therefore respectfully

---

[1] Petitioner filed its original motion to compel compliance with subpoena with a corporate disclosure statement on June 28, 2012. (ECF Nos. 1, 2.) On July 23, 2012, the Court denied Petitioner's motion to compel without prejudice because Petitioner's corporate disclosure statement was signed by an entity other than Petitioner. (ECF No. 6.) The Court ordered Petitioner to re-file a corrected corporate disclosure statement and a corrected motion to compel. (*Id.*) Petitioner re-filed its corrected corporate disclosure statement on July 23, 2012. (ECF No. 7.) Petitioner now submits this renewed motion to compel compliance with subpoena.

1

requests that this Court grant the motion to compel, and direct Respondent to immediately produce any and all information within its possession, custody and control that is responsive to the subpoena.

                                       Respectfully submitted,

                                       BUBBLE GUM PRODUCTIONS, LLC

**DATED**: August 24, 2012

                                       By: /s/ Paul A. Duffy
                                       Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
                                       Prenda Law Inc.
                                       161 N. Clark St., Suite 3200
                                       Chicago, IL 60601
                                       Telephone: (312) 880-9160
                                       Facsimile:   (312) 893-5677
                                       E-mail: paduffy@wefightpiracy.com
                                       *Counsel for the Petitioner*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUBBLE GUM PRODUCTIONS, LLC, ) | |
| ) | CASE NO.   1:12-mc-00356-ESH |
| Petitioner, ) | |
| ) | Judge: Honorable Ellen S. Huvelle |
| v. ) | |
| ) | |
| COMCAST CABLE, ) | [Case pending in the U.S. District Court |
| COMMUNCIATIONS, LLC, ) | for the Northern District of Illinois |
| ) | No. 1:12-cv-00595] |
| Respondent. ) | |
| _____) | |

## MEMORANDUM IN SUPPORT OF PETITIONER'S
## RENEWED MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Petitioner Bubble Gum Productions, LLC respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), to enter an Order compelling Respondent Comcast Cable Communications LLC ("Comcast") to produce the documents called for in Petitioner's subpoena *duces tecum*. (*See* Subpoena, a true and correct copy of which is attached hereto as Exhibit A.) The Court should grant this motion because Respondent's objections offer no proper basis under the Federal Rules of Civil Procedure upon which to excuse its compliance with Petitioner's subpoena. Moreover, Respondent's objections lack legal merit and factual support. For the reasons set forth below, the Court should grant the Petitioner's motion to compel.

### BACKGROUND

On January 26, 2012, Petitioner brought a copyright infringement action against 37 unnamed John Does in the U.S. District Court for the Northern District of Illinois, alleging that the Defendants conspired with each other and other unnamed joint tortfeasors to illegally copy and distribute Petitioner's copyrighted work over the Internet. Compl., *Bubble Gum Productions, LLC v. Does 1-37*, No. 1:12-cv-00595 (N.D. Ill. 2012), ECF No. 1. Along with its Complaint,

3

Petitioner submitted an exhibit containing Internet Service Providers ("ISPs") and Internet Protocol ("IP") addresses associated with the infringing activities of the John Does. Compl., Ex. A, *Bubble Gum Productions*, No. 1:12-cv-00595 (N.D. Ill. 2012), ECF No. 1-1. On January 31, 2012, Petitioner moved for expedited discovery to obtain certain identifying information for the John Doe Defendants. Pl.'s Mot. for Leave to Take Disc. Prior to the Rule 26(f) Conference, *Bubble Gum Productions*, No. 1:12-cv-00595 (N.D. Ill. Jan. 31, 2012), ECF No. 5.

On February 23, 2012, the court granted Petitioner leave to issue subpoenas *duces tecum* to various ISPs for production of identifying information with respect to the IP addresses of the John Doe Defendants. (Order Granting Pl.'s Mot. for Leave to Take Disc. Prior to the Rule 26(f) Conference, *Bubble Gum Productions*, No. 1:12-cv-00595 (N.D. Ill. Feb. 23, 2012), ECF No. 15.) In accordance with this Order, Petitioner issued subpoenas to various ISPs, including Comcast, on March 1, 2012. (Ex. A.) On March 15, 2012, Comcast objected to Petitioner's subpoena, indicated that it intended to produce no documents responsive to the Subpoena, and that its objections were its only intended response. (*See* Comcast Objection Letter, a true and correct copy of which is attached hereto as Exhibit B.)

## DISCUSSION

Respondent's objection letter contains four separate grounds for non-compliance. (Ex. B.) First, Respondent argues that there is no "valid court order that recognizes that [the Court] will ultimately have jurisdiction over the unnamed subscribers." (*Id.* at 2.) Second, Respondent argues that there is no valid court order regarding "whether [the unnamed subscribers] may be properly joined." (*Id.*) Third, Respondent argues that there is no valid court order requiring Petitioner to "provid[e] for reasonable reimbursement" to Respondent. (*Id*. at 2-3) Finally, Respondent argues that the subpoena does not provide for "a reasonable time to fulfill any large

4

order." (*Id*. at 3) Respondent stated that, "[it] will not notify our subscribers or produce documents or any other information identifying subscribers associated with the IP addresses in the Subpoena" until the Court addresses these issues. (*Id.* at 3.) Respondent also states it "remain[s] confounded why [Petitioner] issued subpoenas out of the District of Columbia" and implies nefarious conduct. (*Id.* at 3-4.)

The issues raised by Comcast were argued and analyzed at length in another case in this District. *AF Holdings LLC v. Does 1-1,058*, No. 12-00048 (D.D.C. 2012). The Court in *AF Holdings* denied Comcast's, and several other Internet Service Providers', motion to quash the plaintiff's subpoenas and compelled the Internet Service Providers to provide the plaintiff with the information sought in the subpoena. No. 12-00048 (D.D.C. Aug. 6, 2012), ECF No. 46, attached hereto as Exhibit D. The court found that the Internet Service Providers ("ISPs") were not able to identify any burden for complying with the plaintiff's subpoenas and that "the Movant ISPs eschew the text and plain meaning of the Rule by arguing that *any* burden placed upon them in this case is unacceptable." *Id.* at 16. The court further explained that consideration of joinder of defendants is proper and challenges to joinder are premature at this early stage of the litigation. *Id.* at 19-26. The court also explained that "it would be premature to consider the exercise of personal jurisdiction over unknown individuals when neither the Court nor the plaintiff is able to evaluate a specific individual's ties to the District of Columbia." *Id.* at 28. Finally, the Court explicitly declined to comment on the ISPs allegations of unfair litigation tactics and forum-shopping as these issues are not germane to a legal proceeding. *Id.* at 41. The *AF Holdings* court thoroughly analyzed the arguments made by ISPs, including arguments raised by Comcast at a special hearing held in the matter, and point by point determined that they had

5

not demonstrated a valid basis on which to avoid compliance with the plaintiff's subpoena. (*See generally id.*) This Court should find the same.

The *AF Holding* court's reasoning was echoed by another court in this District when it denied several motions to quash the subpoena and motions for protective orders that raised similar arguments to those raised by Respondent. *Hard Drive Productions, Inc. v. Does 1-1,1495*, No. 11-1741 (D.D.C. Aug. 13, 2012), attached hereto as Exhibit E. For the reasons set forth in the *AF Holdings* and *Hard Drive Productions* decisions and for the reasons set forth herein, the Court should grant Petitioner's motion to compel Comcast's compliance with the subpoena.

## I. Legal Standard

A person objecting to a subpoena has a heavy burden to show that the subpoena should not be enforced. *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984); *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (holding that in order to quash or modify a subpoena due to undue burden, the moving party "must meet the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive."); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("The moving party has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive.").

## II. Respondent's Personal Jurisdiction Objection is Erroneous and Premature

Respondent objects on the basis that there is no "valid court order that recognizes that [the court] will ultimately have jurisdiction over the unnamed subscribers." (Ex. B. at 2.) Respondent's personal jurisdiction objection is erroneous because it suffers from at least two fatal procedural defects. First, personal jurisdiction objections do not fall on Rule 45's list of

permissible grounds for quashing or modifying a subpoena. *See* Fed. R. Civ. P. 45. The objection should be denied on this basis alone. Second, Respondent has no colorable basis for claiming standing to challenge the Court's exercise of personal jurisdiction over Respondent's *subscribers*, who will have their own opportunity to object to personal jurisdiction at the appropriate stage of the litigation.

Beyond these procedural defects, Respondent's personal jurisdiction objection is premature. Respondent asks the Court to reach a preliminary finding on personal jurisdiction, ostensibly based on the allegations contained in Petitioner's complaint. The Court should deny this request. *See Anger v. Revco Drug Co.*, 791 F.2d 956, 958 (D.C. Cir. 1986) ("[T]he Federal Rules of Civil Procedure indicate that personal jurisdiction is a matter to be raised by motion or responsive pleading, not by the court *sua sponte*.") Petitioner is not required to "prove" personal jurisdiction at this stage of the litigation. It is well-established that personal jurisdiction does not even have to be pled. *See, e.g., Hagen v. U-Haul Co. of Tenn.*, 613 F. Supp. 2d 986, 1001 (W.D. Tenn. 2009) ("The burden of establishing the existence of personal jurisdiction lies with the party asserting such jurisdiction, i.e. the plaintiff. Although, a plaintiff is only required to meet this burden when challenged by a motion under Rule 12(b)(2) . . . ."); *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474–75 (D. Del. 1995) (noting Rule 8 does not require plaintiffs to state grounds on which personal jurisdiction is alleged and that the plaintiff's pleading burden changes once the defendant challenges personal jurisdiction). Federal Rule of Civil Procedure 8(a)(2) requires only "a short plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

At this stage of the litigation, no defendant has been named or served with process. Accordingly, the court is not exercising jurisdiction over any defendant and discussion of personal jurisdiction is premature. This reasoning is well-accepted within the U.S. District Court for the District of Columbia. *See, e.g.*, *Imperial Enters. Inc. v. Does 1–3,145*, No. 11-529 (RBW) (D.D.C. Aug. 30, 2011), ECF No. 43 at *3–5, 8 (Walton, J.); *W. Coast Prod., Inc. v. Does 1–5,829*, No. 11-57 (CKK), 2011 WL 2292239, at *5 (D.D.C. June 10, 2011) (Kollar-Kotelly, J.); *Donkeyball Movie, LLC v. Does 1–171*, No. 10-1520 (BAH), 2011 WL 1807452, at *4–9 (D.D.C. May 12, 2011) (Howell, J.); *Voltage Pictures, LLC v. Does 1–5.000*, No. 10-0873 (BAH), 2011 WL 1807438, at *4–9 (D.D.C. May 12, 2011) (Howell, J.); *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332, 345–48 (D.D.C. 2011); *see also Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 11 (D.D.C. 2008) (Kollar-Kotelly, J.).

This reasoning is echoed in decisions from federal courts across the nation. *See, e.g.*, *Hard Drive Productions, Inc. v. Does 1–118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at 3:22–4:8 ("[A] a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."); *Hard Drive Productions, Inc. v. Does 1–31*, No. 11-22206 (S.D. Fla. Oct. 24, 2011), ECF No. 25 at 5 (finding personal jurisdiction argument "unavailing and premature" because "it remains unclear whether this individual is a party to the litigation" and "the Court lacks sufficient information at this stage of the proceedings"); *Hard Drive Productions, Inc. v. John Does 1–44*, No. 11-2828 (N.D. Ill. Aug. 9, 2011), ECF No. 15 at 2 (Holderman, C.J.) ("[Movant] has not yet been named as a defendant in this case, nor has he been served with process pursuant to Rule 4. Unless and until [movant] has been officially brought into this case, the question of personal jurisdiction remains unripe for resolution by the court."); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 & n.7, 180–81

(D. Mass. 2008); *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567–68 (S.D.N.Y. 2004).

### III. Respondent's Joinder Objection is Erroneous and Unavailing

Respondent objects on the basis that there is no valid court order regarding "whether [the unnamed subscribers] may be properly joined." (Ex. B at 2.) Respondent's joinder argument is erroneous because it suffers from at least two fatal procedural defects. First, joinder objections do not fall within Rule 45's list of permissible grounds for quashing or modifying a subpoena. *See* Fed. R. Civ. P. 45. The objection should be denied on this basis alone. Second, Respondent has no colorable basis for claiming standing to challenge permissive joinder in an action to which it is not a party.

Even if joinder were a proper issue at this stage of the litigation—and not premature—the weight of authority indicates that Petitioner would be able to satisfy the requirements for the permissive joinder of the John Doe Defendants under Rule 20, and that a finding of misjoinder would be premature prior to the point at which the putative defendants have been identified, named, and served with process. In this District and nationwide, courts have determined that allegations concerning putative defendants' use of the BitTorrent file-sharing protocol may suffice to establish a logical relationship between claims against putative defendants in BitTorrent-based copyright infringement litigation. *See, e.g.*, *Imperial Enters. Inc. v. Does 1–3,145*, No. 11-529 (RBW) (D.D.C. Aug. 30, 2011), ECF No. 43 at *3–5, 8 (Walton, J.); *W. Coast Prod., Inc. v. Does 1–5,829*, No. 11-57 (CKK), 2011 WL 2292239, at *5 (D.D.C. June 10, 2011) (Kollar-Kotelly, J.); *Donkeyball Movie, LLC v. Does 1–171*, No. 10-1520 (BAH), 2011 WL 1807452, at *4–9 (D.D.C. May 12, 2011) (Howell, J.); *Voltage Pictures, LLC v. Does 1–5.000*, No. 10-0873 (BAH), 2011 WL 1807438, at *4–9 (D.D.C. May 12, 2011) (Howell, J.); *Call of the*

*Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332 (D.D.C. 2011); *see also, e.g.* Order, *AF Holdings v. Does 1-162*, No. 11-23036 (S.D. Fla. Feb. 14, 2012), ECF No. 27 at 6 ("If and when the Doe Defendants are identified and served with the Complaint, the issue of misjoinder may again be raised, to the extent necessary, based upon the actual parties involved at that point in time. Only then will the Court have at hand all that it needs to know to make a legally correct ruling."); *Patrick Collins, Inc. v. John Does 1–15*, No. 11-cv-02164, 2012 WL 415436, at *2–4 (D. Colo. Feb. 8, 2012) (Arguello, J.) (sustaining joinder and citing *Call of the Wild*); *Patrick Collins, Inc. v. Does 1–22*, No. 11-cv-01772-AW, 2011 WL 5439005, at *2–4 (D. Md. Nov. 8, 2011) (sustaining joinder and citing *Call of the Wild*); *Patrick Collins, Inc. v. Does 1–2,590*, No. C 11-2766 MEJ, 2011 WL 4407172, at *4–7 (N.D. Cal. Sept. 22, 2011) (James, J.) (sustaining joinder and citing *Call of the Wild*); *First Time Videos, LLC v. Does 1–76*, No 11 C 3831, 2011 WL 3586245, at *4 (N.D. Ill. Aug. 16, 2011) (Bucklo, J.) (collecting cases and concluding that "[t]he overwhelming majority of courts" have denied motions to sever "prior to discovery"); *First Time Videos, LLC v. Does 1–500*, 276 FRD 241, 2011 WL 3498227, at *9–11 (N.D. Ill. Aug. 9, 2011) (Castillo, J.).

Further, Petitioner is able to identify common questions of law and fact. For instance, Petitioner would have to establish against each putative defendant the same legal claims concerning the validity of the copyright in the movie at issue and the infringement of the exclusive rights reserved to Petitioner as the copyright holder. Finally, joinder of the putative defendants would not prejudice any party or cause needless delay. To the contrary, "joinder in a single case of the putative defendants who allegedly infringed the same copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative defendants." *Call of the Wild*, 770 F. Supp. 2d at 345; *see also First Time Videos, LLC v. Does 1–500*, 276 FRD 241,

2011 WL 3498227, at *9–11 (N.D. Ill. Aug. 9, 2011) ("[J]oined defendants enjoy the benefit of seeing what defenses, if any, other defendants may assert to avoid liability.")

## IV. Respondent's Reimbursement Objection is Factually Baseless

Respondent objects on the basis that the court order from the underlying action does not provide assurance of "reasonable reimbursement" for Respondent's compliance. (Ex. B at 2-3.) Once again, this objection does not fall on Rule 45's list of permissible grounds for quashing or modifying a subpoena. *See* Fed. R. Civ. P. 45. In the past, Petitioner has enjoyed a good working relationship with Respondent. For the past two years, Respondent has reliably processed Petitioner's subpoenas. In turn, Petitioner has granted Respondent reasonable extensions of time for compliance and has promptly paid Respondent for its costs of production. Respondent's objection is baseless because it has always been adequately compensated, no matter the size of the order. Respondent has provided no good faith basis for its objection regarding reasonable reimbursement when Petitioner has promptly and consistently compensated Respondent in the past for its compliance with subpoenas.

## V. Respondent's Scheduling Objection Is Factually Baseless

Respondent objects on the basis that the court order from the underlying action does not provide "a reasonable time to fulfill any large order." (Ex. B at 3.) The burden is on Respondent to establish why it is unable to meet the Court's timeline for complying with the subpoena, but Respondent fails to state any facts that explain why the Court's timeline is unworkable. (*See generally* Ex. B.) Further, to the extent that Respondent believes that the Court's timeline imposes an undue burden, it is Respondent's responsibility to propose modifications that would relieve the burden. *See aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F.Supp.2d 770, 771 (N.D. Ill. 2005) (denying a motion to quash a subpoena because, *inter alia*, the parties claiming

that the subpoena caused them an undue burden did "not propose[ ] any modification to the specific topics they contend are unduly burdensome.") It is improper for Respondent to leave the Court and Petitioner guessing when, if ever, Respondent will be able to fulfill its obligations under the subpoena.

### VI. Respondent's Arguments Regarding Where Petitioner Issued Its Subpoena Is Not a Valid Reason to Avoid Compliance

Perhaps recognizing that it is not a valid objection to avoid compliance with a subpoena, Respondent expresses confusion with the fact that Petitioner issued its subpoena out of the District of Columbia. (Ex. B at 3.) The fact that Respondent finds it odd that Petitioner would comply with Rule 45 when issuing its subpoenas is not a proper basis to avoid compliance. Respondent even goes so far as to accuse Petitioner of "forum shop[ping]" and "attempt[ing] to confuse [Respondent] and its subscribers." (*Id.* at 4.) Respondent presumably recognizes this is not a basis to avoid compliance because Respondent does not state it will avoid compliance with Petitioner's subpoena on this basis. (*Id.* at 3-4.) Below Petitioner explains that it issued its subpoena out of this District in order to comply with Federal Rule of Civil Procedure 45, the territorial protections embedded in Rule 45 do not extend to Respondent's subscribers, and Petitioner's subpoena does not impose any territorial burden on Respondent's subscribers.

#### 1. Petitioner Issued its Subpoena from the District of Columbia in Order to Comply with Rule 45

Rule 45 dictates that the subpoena must issue from the court for the district where the production is to be made. Fed. R. Civ. P. 45(a)(2)(C). "Production" refers to the delivery of documents, not their retrieval, and therefore "the district in which the production . . . is to be made" is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over. *In re General Motors Corp. Dex-Cool Products*,

No. 03-1562-GPM, 2007 WL 627459, at *1 (S.D. Ill. Feb. 27, 2007) (citing *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404 (3rd Cir. 2004) (Alito, J.)); *accord Stewart v. Mitchell Transport*, No. 01-2546-JWL, 2002 WL 1558210, at *2–3 (D. Kan. July 8, 2002); *see also* Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment, Subdivision (a) ("Paragraph (a)(2) makes clear that the person subject to the subpoena is required to produce materials . . . whether or not the materials are located within the district or within the territory within which the subpoena can be served."). Petitioner's counsel handles its nationwide subpoena compliance procedures through the District of Columbia, so that is where the records sought by Petitioner were required to be produced. Therefore, the subpoena was properly issued from a court in the District of Columbia (and could only have been issued from that court).

### 2. The Territorial Protections Embedded in Rule 45 do not Extend to Respondent's Subscribers

This Circuit has observed that "the rules governing subpoenas and nonparty discovery have a clearly territorial focus." *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998). However, this "territorial focus" is for the benefit of nonparties from whom discovery is sought. *Id.* ("The rules governing subpoenas and nonparty discovery have a clearly territorial focus. Applications for orders *compelling disclosure from nonparties* must be made to the court in the district where the discovery is to be taken….") (emphasis added). Non-party undue burden concerns are properly focused on the party from whom discovery is sought. *See, e.g.*, *Watts v. S.E.C.* 482, F.3d 501, 509 (D.C. Cir. 2007) (discussing the concerns associated with subjecting subpoenaed non-party government agencies to undue burden).

To hold that Rule 45 provides equivalent territorial protection to both subpoenaed respondents and third parties who might raise privacy objections with respect to a subpoena would render Rule 45 inoperable. Imagine that a plaintiff seeking the identity of a rental car

driver had to identify common geography between the rental car provider and an out-of-state driver in order to issue a subpoena seeking the customer's identity. Such a location would often not even exist. In the online infringement context, broad swaths of the U.S. population would be immune from being identified in infringement actions. College students who transferred schools, were home for the summer, or recently graduated would be immune from identification so long as they resided in a different federal judicial district than their alma mater. Individuals who committed infringement from a hotel or on a mobile device while travelling would similarly be immunized from identification. Individuals residing in states with multiple judicial districts, such as Texas, would also enjoy broad protection from identification. [2] Rule 45 cannot support an interpretation that renders Petitioner unable to identify those who violated its copyrights. *See Marbury v. Madison*, 5 U.S. 137, 163 (1803) ("The government of the United States has been emphatically termed a government of laws, and not of men. It will certainly cease to deserve this high appellation, if the laws furnish no remedy for the violation of a vested legal right.").

### 3. Petitioner's Subpoena Does Not Impose any Territorial Burden on Respondent's Subscribers

Respondent suggests that its subscribers will be confused by Petitioner's subpoenas by having to travel to challenge it. (Ex. B. at 4.) This is not true—although a motion to quash may only be heard in the district from which a subpoena was issued, parties can always challenge the disclosure of their identifying information in the court where the underlying action is pending.

---

[2] Rule 45 requires that subpoenas be issued from the place of production and that service be made within the district, within 100 miles of the district, according to state law or according to federal law. If the action was pending in the Southern District of Texas, Houston Division, even if a plaintiff knew the city of residence of a Texas-based subscriber, there is a strong chance that the plaintiff would be unable to identify him. For example, if a subscriber is located in the Southern District of Texas, but his ISP is based in the Eastern or Northern Districts of Texas, then there would simply be no federal district from which a plaintiff could issue a valid subpoena. *See* Fed. R. Civ. P. 45(b)(2)(B); *see also* Tex. R. Civ. P. 176.3 (limiting the territorial range of subpoenas to 150 miles).

*See, e.g.*, Fed. R. Civ. P. 26(c). There is simply no reason why someone would need to travel from Illinois to the District of Columbia to challenge the disclosure of their identifying information.[3]

To the extent that Respondent suggests that it should avoid compliance with Petitioner's subpoenas because its subscribers might be confused about how to defend against Petitioner's copyright infringement claims, Petitioner would make two observations. First, Respondent can reduce this confusion via a notice to its subscribers with information on how to properly challenge the disclosure of their identifying information. Second, as one court in the U.S. District Court for the Northern District of Illinois recently did in response to near-identical arguments by another Internet Service Provider, this Court could grant Petitioner's motion to compel and then transfer the subpoena to the district where the underlying action is pending for hearings on subscriber-filed motions to quash. *See Bubble Gum Productions, LLC v. Does 1-60*, No. 12-3046 (N.D. Ill. July 13, 2012), ECF No. 22, attached hereto as Exhibit C.

## VII. Respondent Has Been Actively Complying with Substantially Identical Subpoenas in Similar Cases

Finally, the Court can take judicial notice that Respondent has been actively complying with subscriber identification subpoenas in cases involving the exact same concerns as those raised in its objections. *See, e.g., Nu Imagine, Inc. v. Does 1-3,932*, 2:11-cv-00545-JES-SPC (M.D. Fla. May 7, 2012), ECF No. 217-1 (A notice from Comcast to its subscriber stating that it will "provide your name, address and other information as directed in the order to the Plaintiff on the next business day."). Respondent has represented to the Court that the so-called procedural infirmities in Petitioner's action prevent it from complying with Petitioner's subpoena. Yet,

---

[3] If anything, the issuance of Petitioner's subpoena from this District *lessens* the burden on the alleged infringers because it provides a second (perhaps more convenient) forum in which to file motions challenging the disclosure of their identifying information.

15

during the pendency of its objections Respondent was actively complying with subscriber identification subpoenas in a case involving 3,932 Doe defendants (far greater than the number of putative defendants at issue here) with the Doe defendants also located across the United States. Respondent's objections do not appear to have been made in good faith.

## CONCLUSION

Petitioner respectfully requests the Court to compel Respondent's immediate compliance with the Subpoena.

Respectfully submitted,

BUBBLE GUM PRODUCTIONS, LLC

**DATED**: August 24, 2012

By: /s/ Paul A. Duffy
Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile:   (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Petitioner*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 24, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                By: /s/ Paul A. Duffy
                    Paul A. Duffy, Esq.